**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **FEDERAL TRADE COMMISSION**<br>   600 Pennsylvania Avenue, N.W.<br>   Washington, D.C. 20580,<br><br><div align="right">Petitioner,</div><br>*v.*<br><br>**STEPHEN K. BANNON**<br>   210 A Street, N.E.<br>   Washington, D.C. 20002,<br><br><div align="right">Respondent.</div> | Misc. Case No.  Case: 1:20–mc–00111<br>Assigned To : Cooper, Christopher R.<br>Assign. Date : 11/9/2020<br>Description: Misc.<br><br>**PETITION OF THE FEDERAL TRADE COMMISSION FOR AN ORDER ENFORCING CIVIL INVESTIGATIVE DEMAND**<br><br>***REDACTED VERSION OF DOCUMENT SOUGHT TO BE FILED TEMPORARILY UNDER SEAL*** |

Petitioner, the Federal Trade Commission ("Commission"), by its designated attorneys and pursuant to Section 20 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 57b-1(e), (h), petitions this Court for an order requiring Respondent, Stephen K. Bannon ("Bannon"), to appear and testify in response to the Civil Investigative Demand ("CID") issued by the Commission on September 25, 2019. The CID seeks oral testimony from Bannon relevant to an ongoing Commission law enforcement investigation.[1] Specifically, the Commission issued the CID to determine, among other things, whether Bannon may be held individually liable for the deceptive conduct of Cambridge Analytica, LLC—the subject of an administrative law enforcement action brought by the Commission. *See Cambridge Analytica, LLC*, Docket No. 9389, 2019 WL 6724446 (FTC Nov. 25, 2019) (opinion of the Commission granting complaint counsel's motion for summary decision.).

---

[1] While the CID contains several document requests and interrogatories to Bannon, the Commission does not seek any relief as to those specifications through the instant petition.

Bannon did not petition to quash or limit the CID.  After several postponements due to the ongoing COVID-19 pandemic, Bannon's appearance date for the investigational hearing was set for September 29, 2020.  But the day before the scheduled investigation hearing, Bannon's counsel  informed ███████████████████████████████████████████████████ .  Therefore, the Commission respectfully seeks judicial enforcement of the CID.

The Declaration of Linda Holleran Kopp, which verifies the allegations of this Petition, is attached hereto as Petition Exhibit ("Pet. Ex.") 1. The Commission also submits the following additional exhibits:

| | |
|---|---|
| Pet. Ex. 2: | Civil Investigative Demand to Stephen K. Bannon, Dated September 24, 2019; |
| Pet. Ex. 3: | Affidavits of Process Servers, Dated November 15, 2019; |
| Pet. Ex. 4: | November 21, 2019 Letter from Maneesha Mithal to Alex Spiro; |
| Pet. Ex. 5: | August 27, 2020 Letter from Maneesha Mithal to Alex Spiro; |
| Pet. Ex. 6: | Unsealed Indictment against Stephen K. Bannon in *United States v. Kolfage et al.*, 20-CR-412 (S.D.N.Y.); |
| Pet. Ex. 7: | September 3, 2020 Letter from William Burck to Linda Holleran Kopp; |
| Pet. Ex. 8: | September 4, 2020 Email from Linda Holleran Kopp to Allison McGuire, Alex Spiro, and William Burck; |
| Pet. Ex. 9: | September 15, 2020 Letter from William Burck to Linda Holleran Kopp; |
| Pet. Ex. 10: | September 22, 2020 Email from Linda Holleran Kopp to Allison McGuire, Alex Spiro, and William Burck; |
| Pet. Ex. 11: | September 28, 2020 Letter from William Burck to Linda Holleran Kopp; |

## PETITION ALLEGATIONS

In support of its Petition, the Commission alleges as follows:

### The Parties

1.      The Commission is an administrative agency of the United States government, organized and existing pursuant to the FTC Act, 15 U.S.C. § 41 *et seq.*  The Commission is authorized and directed by Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), to prohibit, *inter alia*, "unfair or deceptive acts or practices in or affecting commerce."

2.      In order to determine whether violations of Section 5(a) may have occurred, Section 3 of the FTC Act, 15 U.S.C. § 43, empowers the Commission to prosecute any inquiry necessary to its duties in any part of the United States; Section 6 of the Act, 15 U.S.C. § 46, empowers the Commission to investigate the business and conduct of any person, partnership, or corporation engaged in or whose business affects commerce; Section 20 of the FTC Act, 15 U.S.C. § 57b-1, empowers the Commission to require by CID the provision of oral testimony, documents, or other information relating to any Commission law enforcement investigation.

3.      Respondent Stephen K. Bannon is the former Vice President and board member of Cambridge Analytica, LLC.  Bannon is an individual who resides and/or transacts business in Washington, District of Columbia.  Pet. Ex. 1 (Kopp Decl.), ¶ 6.

### Jurisdiction and Venue

4.      This Court has jurisdiction to enforce the Commission's duly issued CIDs, including the CID issued to Bannon, under Sections 20(e) and (h) of the FTC Act, 15 U.S.C. §§ 57b-1(e), (h).  Section 20(e) provides in pertinent part:

> Whenever any person fails to comply with any civil investigative demand duly served upon him under this section, or whenever . . . such person refuses to surrender such material, the Commission, through such officers or attorneys as it may designate, may file, in the district court of the United States for any judicial

district in which such person resides, is found, or transacts business, and serve upon such person, a petition for an order of such court for the enforcement of this section.

5.      Venue is proper in this judicial district under Section 20(e) of the FTC Act, 15 U.S.C. § 57b-1(e), because Bannon resides, is found, and transacts business in this judicial district.  Pet. Ex. 1 (Kopp Decl.), ¶ 6.

## The Commission's Investigation

6.      On July 22, 2019, the Commission filed an administrative complaint against Cambridge Analytica, a now-defunct data analytics and consulting company that provided voter profiling and marketing services, alleging deceptive conduct in violation of the FTC Act, 15 U.S.C. § 45(a).  *See Cambridge Analytica, LLC*, 2019 WL 6724446, at *1-*2.  In 2014, Cambridge Analytica launched a software application on the Facebook platform called the "GSRApp" to collect Facebook data and survey responses that would be used to predict the users' personality traits as well as their political enthusiasm, political orientation, frequency in voting, consistency in voting for the same political party, and views on particular controversial issues. *Id.* at *3-*5.   Cambridge Analytica used the data for voter-profiling and targeted advertising purposes.   *Id.* at *5-*6. The Commission's complaint alleged that Cambridge Analytica employed false and deceptive tactics to harvest personal information from tens of millions of Facebook users through the GSRApp.  *Id.*; *see also id.* at *3 (discussing complaint allegations).   After further proceedings, the Commission determined that Cambridge Analytica violated the FTC Act by, among other things, falsely representing that the GSRApp did not collect any personally identifiable information from Facebook users who interacted with the GSRApp.  *Id.* at *10-*11.

7.      The Commission also sought to bring culpable individuals to account for their involvement in Cambridge Analytica's deceptive scheme.  Aleksandr Kogan, the developer of

GSRApp, and Alexander Nix, the former Chief Executive Officer of Cambridge Analytica,

settled allegations that they violated the FTC Act in their individual capacity for their respective

roles in the scheme.  *See Aleksandr Kogan and Alexander Nix*, Docket No. C-4693, 2019 WL

7168922 (FTC Dec. 18, 2019) (Commission's final order against Kogan); *Aleksandr Kogan and*

*Alexander Nix*, Docket No. C-4694, 2019 WL 7168925 (FTC Dec. 18, 2019) (Commission's

final order against Nix).

8.      Because Bannon served as Vice President and board member of Cambridge

Analytica during the relevant time, the Commission opened an additional investigation into

whether Bannon may be held personally liable for his role in Cambridge Analytica's deceptive

scheme.  Pet. Ex. 1 (Kopp Decl.), ¶ 9.  Relatedly, the investigation seeks to probe Bannon's

knowledge of questions unresolved by the Commission's proceeding against Cambridge

Analytica investigation:  What happened to consumers' improperly harvested Facebook data?

And with whom has it been shared?  *Id.*

9.      As part of this investigation, on September 24, 2019, the Commission issued the

CID at issue to Bannon.  Pet. Ex. 1 (Kopp Decl.), ¶ 10.  The CID defined the "subject" of the

Commission's investigation as whether "Bannon's practices regarding the collection and use of

consumers' information from Facebook were deceptive or unfair in violation of the [Federal

Trade Commission] Act, 15 U.S.C. § 45, and whether a Commission action to obtain monetary

relief would be in the public interest."  *Id.*; Pet. Ex. 2 (CID) at 4.

10.     The CID was issued pursuant to Commission Resolution No. 1823036, which

authorizes the use of compulsory process under Section 20 of the FTC Act, 15 U.S.C. §57b-1:

> [t]o determine whether unnamed persons, partnerships, corporations, or others are
> engaged in, or may have engaged in, deceptive or unfair acts or practices related
> to consumer privacy and/or data security, including but not limited to the
> collection, acquisition, use, disclosure, security, storage, retention, or disposition

of consumer information, in or affecting commerce, in violation of Section 5 of
the Federal Trade Commission Act, 15 U.S.C. § 45, as amended.

Pet. Ex. 2 (CID) at 14; Pet. Ex. 1 (Kopp Decl.), ¶ 11.  The CID was signed by Chairman Joseph

J. Simons, under authority delegated by the Commission in Section 2.7(a) of its Rules of

Practice, 16 C.F.R § 2.7(a), and served by the Commission's Secretary pursuant to the

Commission's Rules.  Pet. Ex. 1 (Kopp Decl.), ¶ 11; Pet. Ex. 2 (CID) at 1.

11.     Bannon sought to evade service—including one attempt that made the local

political press.  *See* Nancy Scola, *Federal agency tries to serve Steve Bannon a subpoena*,

POLITICO  (Sept.   25,   2019),   https://www.politico.com/news/2019/09/25/steve-bannon-ftc-

subpoena-cambridge-analytica-001022.   But the Commission finally succeeded in personally

serving the CID on Bannon on November 14, 2019.  Pet. Ex. 1 (Kopp Decl.), ¶ 12; Pet. Ex. 3

(Process Server Affs.) at 1-2.

### The Commission's Accommodation of Bannon's Repeated Requests for Extension of the Investigational Hearing Date

12.     After Bannon was personally served with the CID, Commission staff and

Bannon's counsel met, conferred, and communicated regarding Bannon's rolling production of

information and documents in response to the CID.  Pet. Ex. 1 (Kopp Decl.), ¶ 13.  Bannon did

not file an administrative petition to limit or quash the CID, including the demand for an

investigational hearing.  *Id.*, ¶ 14.

13.     On November 21, 2019, Maneesha Mithal, Associate Director for the Division of

Privacy and Identity Protection at the Commission ("DPIP Associate Director"), issued a letter

formally modifying and extending the appearance date in the CID for Bannon's investigational

hearing pursuant to the Commission's Rule of Practice 2.7(l), 16 C.F.R. § 2.7(l).  Pet. Ex. 1

(Kopp Decl.), ¶ 15; Pet. Ex. 4 (11/21/19 Mithal Letter).

14.     From January through February 2020, Bannon answered interrogatories and produced documents on a rolling basis pursuant to the specifications contained in the CID.  Pet. Ex. 1 (Kopp Decl.), ¶ 16.

15.     Between January and August 2020, Commission staff and Bannon's counsel met and conferred to find a mutually convenient date for Bannon's investigational hearing.  Due to concerns related to the ongoing COVID-19 pandemic, the DPIP Associate Director extended the appearance date for Bannon's investigational hearing on several occasions.  Pet. Ex. 1 (Kopp Decl.), ¶ 17.

16.     On August 27, 2020, following a meet and confer between Commission staff and Bannon's counsel, the DPIP Associate Director issued a letter setting a September 29, 2020 appearance date for Bannon's investigational hearing.   Pet. Ex. 5 (8/27/20 Mithal Letter). Although Commission staff offered to conduct Bannon's investigational hearing remotely due to the ongoing COVID-19 pandemic, Bannon's counsel rejected that offer, preferring instead to have the investigational hearing conducted in-person.  *Id.*; Pet. Ex. 1 (Kopp Decl.), ¶ 18.

### **Bannon's Refusal to Appear for his Investigational Hearing**

17.     On August 20, 2020, an indictment charging Bannon for his role in defrauding donors in connection with an online crowdfunding campaign, known as "We Build the Wall," was unsealed by a federal court in the Southern District of New York.  *See* Press Release, U.S. DEP'T OF JUSTICE, U.S. ATT'Y'S OFFICE, S. DIST. OF N.Y., *Leaders Of 'We Build The Wall' Online Fundraising Campaign Charged With Defrauding Hundreds Of Thousands Of Donors* (Aug. 20, 2020), https://www.justice.gov/usao-sdny/pr/leaders-we-build-wall-online-fundraising-campaign-charged-defrauding-hundreds-thousands (last visited Oct. 21, 2020).  *See also* Pet. Ex. 6 (Bannon Indictment).

18.     On September 3, 2020, Bannon's counsel sent a letter to Commission staff claiming that ███████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████. Pet. Ex. 7 (9/3/20 Burck Letter); Pet. Ex. 1 (Kopp Decl.), ¶ 20.

19.     The following day, Commission staff emailed Bannon's counsel to request a meet and confer regarding the September 3 letter. Pet. Ex. 1 (Kopp Decl.), ¶ 21; Pet. Ex. 8 (9/4/20 Kopp Email).

20.     On September 10, 2020, Commission staff and Bannon's counsel met and conferred regarding the September 3 letter. Pet. Ex. 1 (Kopp Decl.), ¶ 22. Commission staff inquired about the basis of Bannon's objection to sitting for an investigational hearing in light of the lack of overlap between the Commission's investigation and the criminal indictment. *Id*. Bannon's counsel asserted that federal prosecutors could seek to admit Bannon's testimony to the Commission against him under Federal Rule of Evidence 404(b); therefore, Bannon would assert his Fifth Amendment privilege against self-incrimination and not testify about anything substantive at the investigational hearing. *Id*. At no point during the meet and confer did Bannon's counsel communicate that Bannon outright refused to attend the investigational hearing. *Id*. To the contrary, Bannon's counsel indicated that Bannon could attend the scheduled investigational hearing and simply refuse to answer questions. *Id*.

21.     On September 15, 2020, Bannon's counsel sent a letter to Commission staff following-up on the September 10 meet and confer. Pet. Ex. 1 (Kopp Decl.), ¶ 23; Pet. Ex. 9 (9/15/20 Burck Letter). In the September 15 letter, Bannon's counsel ███████████

████████████████████████████████████████████████████████



Pet. Ex. 9 (9/15/20

Burck Letter) at 1.  Bannon's counsel also claimed that ██████████████████████████

██████████████████████████████████████████████████████████████████████████████

████████████████   *Id.* at 2.  Like the September 10 meet and confer, the September 15 letter

██████████████████████████████████████████████████████████████████████████████

████████████████████████████

*Id.* at 2 (emphasis added); *see also* Pet. Ex. 1 (Kopp Decl.), ¶ 23.

      22.     On September 22, 2020, Commission staff responded to the September 15 letter,

disputing counsel's characterizations of the September 10 meet and confer.  Commission staff

reiterated its position that, to the extent Bannon intends to invoke his Fifth Amendment privilege

against self-incrimination, he must do so on a question-by-question basis at the investigational

hearing.  Ex. 1 (Kopp Decl.), ¶ 24; Pet. Ex. 10 (9/22/20 Kopp Email).

      23.     On September 28, 2020, at 2:55 p.m. eastern daylight time, Bannon's counsel

sent a letter to Commission staff advising that Bannon "██████████████████████████

██████████████████████████████████████"  Pet. Ex. 1 (Kopp Decl.), ¶ 25; Pet.

Ex. 11 (9/28/20 Burck Letter).  Bannon's counsel insisted that Bannon ████████████████

██████████████████████████████████████████████████████████████████████████████

████████████████████████████.  Pet. Ex. 11 (9/28/20 Burck Letter).

      24.     Bannon's  failure  to  comply  with  the  CID  burdens  the  Commission's

investigation, forces the Commission to expend additional public resources, prevents the

Commission from completing its investigation in a timely manner, and from determining whether Bannon should be held personally liable for his role in Cambridge Analytica's deceptive scheme.  Pet. Ex. 1 (Kopp Decl.), ¶ 26.

25.     Further delays in the Commission's investigation caused by Bannon's failure to appear for an investigational hearing are contrary to the public interest.  Should the Commission determine that Bannon has violated the FTC Act, the Commission is likely to bring an enforcement action and seek an order—likely modeled after the orders against Messrs. Kogan and Nix for their respective roles in Cambridge Analytica's deceptive scheme—to protect consumers from harm arising from those violations.  For example, the Commission may seek deletion of any data collected from consumers under false pretenses, thereby mitigating harm from such collection.  Accordingly, a significant delay in the Commission's investigation and any potential enforcement action arising therefrom will have the effect of delaying the important consumer protections that the Commission may seek following the completion of its investigation.  Pet. Ex. 1 (Kopp Decl.), ¶ 27.

26.     Additionally, any further delays in discovering additional information about where the deceptively obtained Facebook profile data may be located, or with whom it may have been shared, would further harm consumers.  Because the deceptively obtained Facebook profile data pertains to tens of millions of consumers' stable personality traits, and may allow entities to target the consumers or try to influence them in ways that would be difficult for the consumers to recognize, any further delays that would allow the continued use of this data harm consumers. Pet. Ex. 1 (Kopp Decl.), ¶ 28.

27.     No previous application for the relief sought herein has been made to this Court or any other.  Pet. Ex. 1 (Kopp Decl.), ¶ 29.

## PRAYER FOR RELIEF

WHEREFORE, the Commission invokes the aid of this Court and prays:

1.      For the immediate issuance of an order directing Bannon to appear and show cause why he should not comply in full with the CID by appearing—either in-person or remotely via videoconference—for an investigational hearing before Commission staff;

2.      For a prompt determination of this matter and an order requiring Bannon to comply in full with the CID by appearing—either in-person or remotely via videoconference—for an investigational hearing before Commission staff within ten (10) days of such order, or at such later date as may be established by the Commission; and

3.      For other such relief as this Court deems just and proper.

Dated: November 9, 2020                          Respectfully submitted,

ALDEN F. ABBOTT
General Counsel

JAMES REILLY DOLAN
Principal Deputy General Counsel

MICHELE ARINGTON
Assistant General Counsel for Trial Court
Litigation

  *s/ Linda Holleran Kopp*
LINDA HOLLERAN KOPP (472355)
BRIAN BERGGREN *(Appearing pursuant to
LCvR 83.2(e))*

FEDERAL TRADE COMMISSION
600 Pennsylvania Ave., N.W.,
Mail Stop CC-8232
Washington, D.C. 20580
Tel:  202-326-2267 (Kopp);
202-326-3232 (Berggren)

*Attorneys for Petitioner*