UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **FEDERAL TRADE COMMISSION**<br>    600 Pennsylvania Avenue, N.W.<br>    Washington, D.C. 20580,<br><br>                            Petitioner,<br><br>*v.*<br><br>**STEPHEN K. BANNON**<br>    210 A Street, N.E.<br>    Washington, D.C. 20002,<br><br>                            Respondent. | Misc. Case No.<br><br>**[PROPOSED] ORDER TO SHOW CAUSE** |

Petitioner, the Federal Trade Commission ("Commission"), under the authority conferred by Section 20 of the FTC Act, 15 U.S.C. § 57b-1 and Fed. R. Civ. P. 81(a)(5), has invoked the aid of this Court for an order requiring Respondent, Stephen K. Bannon, to comply with a civil investigative demand ("CID"), issued to Respondent on September 24, 2019, in aid of a Commission law enforcement investigation.

The Court has considered the Commission's Petition to Enforce Civil Investigative Demand ("Petition") and the papers filed in support thereof; and it appears to the Court that the Commission has shown good cause for the entry of this Order.

It is, therefore, ORDERED that, Respondent shall appear at __:__ a.m./p.m. on the ____ day of _____, 20__, for a hearing conducted remotely via video or telephone conference in Courtroom No. ____ of the United States Courthouse for the District of Columbia, in Washington, D.C., and show cause, if any there be, why this Court should not enter an order, subject to the penalty of contempt, directing Respondent to comply in full with the

Commission's September 24, 2019 CID by appearing—either in-person or remotely via videoconference—for an investigational hearing before Commission staff.  Unless the Court determines otherwise, notwithstanding the filing or pending of any procedural or other motions, all issues raised by the Commission's Petition and supporting papers, and any opposition to the Petition will be considered at the hearing on the Petition, and the allegations of said Petition shall be deemed admitted unless controverted by a specific factual showing; and

IT IS FURTHER ORDERED that if Respondent intends to file pleadings, affidavits, exhibits, motions or other papers in opposition to said Petition or to the entry of the Order requested therein, such papers must be filed with the Court and received by Petitioner's counsel by the _____ day of _____, 2020.  As Respondent did not file a petition to limit or quash the CID, any response to the Commission's Petition must demonstrate good cause for the failure to raise such objections previously.  Absent such good cause shown, no objections that could have been, but were not, raised in an administrative petition to quash before the Commission shall be considered.  Any reply by the Commission to an opposition filed by Respondent shall be filed with the Court and received by Respondent's counsel by the _____ day of _____, 2020; and

IT IS FURTHER ORDERED that, pursuant to Fed. R. Civ. P. 81(a)(5) and 26(a)(l)(B)(v), this is a summary proceeding and no party shall be entitled to discovery without further order of the Court upon a specific showing of need; and that the dates for a hearing and the filing of papers established by this Order shall not be altered without prior order of the Court upon good cause shown; and

IT IS FURTHER ORDERED that, pursuant to Fed. R. Civ. P. 81(a)(5) and its 1946 Advisory Committee note, a copy of this Order and copies of said Petition and exhibits filed

therewith, shall be served forthwith by Petitioner upon Respondent and/or his counsel, using as expeditious means as practicable.

SO ORDERED, this ___ day of _____ 20___.

_____
UNITED STATES DISTRICT JUDGE