UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **FEDERAL TRADE COMMISSION**<br>   600 Pennsylvania Avenue, N.W.<br>   Washington, D.C. 20580,<br><br>              Petitioner,<br><br>v.<br><br>**STEPHEN K. BANNON**<br>   210 A Street, N.E.<br>   Washington, D.C. 20002,<br><br>              Respondent. | Case No. 20-mc-00111 |

**STEPHEN K. BANNON'S RESPONSE TO PETITION OF THE FEDERAL TRADE
COMMISSION FOR AN ORDER ENFORCING CIVIL INVESTIGATIVE DEMAND**

Respondent Stephen K. Bannon respectfully submits this response to the Petition of the Federal Trade Commission (the "Commission") for an Order Enforcing Civil Investigative Demand ("CID").  *See* ECF No. 1-0.  Because the Commission's demand for Mr. Bannon's immediate testimony at an investigational hearing is unreasonably duplicative, unduly burdensome, and prejudicial to his ongoing criminal case, Mr. Bannon respectfully requests that the Court deny the Commission's Petition.

**INTRODUCTION**

The Commission's demand that Mr. Bannon provide duplicative testimony that could jeopardize the fundamental fairness of his criminal case is unreasonable and is an abuse of the Commission's power.  This is especially true since Mr. Bannon has already provided extensive information in compliance with the Commission's CID.  This response reflects Mr. Bannon's concern that the Commission's instant demand is unreasonably duplicative and unnecessarily

burdensome and is driven more by governmental fascination with investigations into the 2016 Presidential election and Mr. Bannon's celebrity than by any proper investigative purpose.

As detailed in Mr. Bannon's prior correspondence with the Commission, it is plain that the Commission's renewed interest in Mr. Bannon's testimony is designed to damage Mr. Bannon's opportunity to receive a fair trial in his criminal case. *See* ECF No. 1-2, Exs. 7, 8. Apparently guided by an inaccurate article published in *The Guardian*, the Commission opened a separate investigation into Mr. Bannon's former role at Cambridge Analytica. *See* ECF No. 1-1 at 4. To be clear, Mr. Bannon denies any involvement with or knowledge of Cambridge Analytica's alleged wrongdoing. Tellingly, Mr. Bannon is not named in ***any*** of the Commission's other administrative actions related to Cambridge Analytica. *See Aleksandr Kogan and Alexander Nix*, Docket No. C-4693, 2019 WL 7168922 (FTC Dec. 18, 2019) (Commission's final order against Kogan); *Aleksandr Kogan and Alexander Nix*, Docket No. C-4694, 2019 WL 7168925 (FTC Dec. 18, 2019) (Commission's final order against Nix); *Cambridge Analytica, LLC*, Docket No. 9389, 2019 WL 6724446 (FTC Nov. 25, 2019). Nevertheless, Mr. Bannon has extensively participated in the FTC's investigation. And Mr. Bannon has offered to appear at the FTC's investigational hearing following his criminal trial. ECF 1-2, Ex. 7. The Commission, however, insists that it cannot tolerate any delay and rejected Mr. Bannon's request for a reasonable accommodation. *See* ECF 1-1 at 14.

"CIDs are not self-enforcing. Having received a CID, a respondent may either petition the FTC for an order modifying or setting aside the demand, *see* 15 U.S.C. § 57b–1(f)(1); 16 C.F.R. § 2.7(d), or simply decline to respond. In either case, the FTC must file suit in federal court to enforce compliance with the CID." *F.T.C. v. O'Connell Assocs., Inc.*, 828 F. Supp. 165, 168 (E.D.N.Y. 1993) (citing 15 U.S.C. § 57b–1(e)). Thus, in the present posture, Mr. Bannon feels

obliged to proceed with this respectful response and require the Commission to seek a ruling from the Court on whether his testimony must be provided at an investigational hearing and when any such hearing must occur, if at all.

## ARGUMENT

*First*, the Commission has not identified any meaningful prejudice caused by delaying Mr. Bannon's testimony. While the Commission suddenly cites a dire need for "prompt enforcement," its Cambridge Analytica-related investigations have dragged on for nearly two years. *See* ECF No.1-1 at 14. Indeed, since being properly served with the CID on November 13, 2019, Mr. Bannon fulsomely participated in the Commission's exhaustive investigation, including by reviewing tens of thousands of documents spanning a seven-year period (which the Commission refused to modify), producing nearly 13,000 pages of discovery, providing redaction and privilege logs for over 1,600 documents, and answering the Commission's interrogatories under oath, all in the span of three months.

As the Commission admits, scheduling challenges and the global pandemic delayed Mr. Bannon's appearance at the investigational hearing, initially scheduled for January 15, 2020. *Id.* at 5. In the nearly twelve months since, the Commission has expressed no concern about the supposed prejudice caused by the delay, much less any of the "important consumer protections" it now claims must be immediately pursued. *Id.* at 15. Instead, now that Mr. Bannon has been indicted, the Commission has discovered a new-found sense of urgency. This manufactured urgency is not evidence of prejudice.

*Second*, the enforcement the Commission seeks would be unduly burdensome under the present circumstances—namely, while Mr. Bannon awaits trial in his criminal case. At bottom, Mr. Bannon is merely trying to preserve his right to receive a fair trial, untainted by the

Commission's supposed need to "probe" his alleged "individual responsibility for Cambridge Analytica's deceptive conduct." *Id.* at 5. The Commission has already "determined that Cambridge Analytica had obtained consumers' Facebook data by ***false and deceptive means***, in violation of the FTC Act." *Id.* at 3 (emphasis added); *see also In the Matter of Cambridge Analytica, LLC*, FTC Dkt. No. 9383, Opinion of the Commission (Nov. 25, 2019) at 12 ("There is also no dispute that this representation was ***false and misleading***.") (emphasis added). Notwithstanding the Commission's claim that the criminal action is unrelated, there can be no question that testimony on topics related to purportedly false statements and misrepresentations goes to the heart of Mr. Bannon's pending criminal conspiracy charges, which are also based on allegations of purportedly false statements to donors. *See* ECF No. 1-2, Ex. 6. At a minimum, the government could improperly seek, over Mr. Bannon's objection, to admit these allegations under Rule 404(b), which equally implicates Mr. Bannon's privilege against self-incrimination. *Cf. Maness v. Meyers*, 419 U.S. 449, 461 (1975) ("The protection does not merely encompass evidence which may lead to criminal conviction, but includes information which would furnish a link in the chain of evidence that could lead to prosecution, as well as evidence which an individual reasonably believes could be used against him in a criminal prosecution."); *United States v. Von Behren*, 822 F.3d 1139, 1144 (10th Cir. 2016) ("To assure an individual is not compelled to produce evidence that may later be used against him in a criminal action, the Supreme Court has always broadly construed the protection afforded by the Fifth Amendment privilege against self-incrimination."); *United States v. Bell*, 795 F.3d 88, 103–05 (D.C. Cir. 2015) ("[L]ongstanding precedents of the Supreme Court and this Court establish that a sentencing judge may consider uncharged or even acquitted conduct in calculating an appropriate sentence …."); *United States v. Valencia*, 61 F.3d 616, 619 (8th Cir. 1995) ("In a criminal setting, evidence offered under Rule

404 (b) is substantive evidence against the accused, *i.e.*, it is part of the government's case offered to prove his guilt beyond a reasonable doubt.").

As such, Mr. Bannon merely seeks to protect his right to a fair trial and has offered to make himself available following the May 2021 criminal trial. *See* EFC No. 1-2, Ex. 7. "A district court may 'impose reasonable conditions and restrictions with respect to the production of the subpoenaed material if the demand is unduly burdensome.'" *F.T.C. v. Bisaro*, 757 F. Supp. 2d 1, 7 (D.D.C. 2010) (quoting *F.T.C. v. Texaco, Inc.*, 555 F.2d 862, 881 (D.C. Cir. 1977) (collecting cases)). Indeed "courts should not permit [administrative agencies'] process to be abused." *Id.* "Such an abuse would take place if the summons had been issued for an improper purpose, such as to harass the [recipient] or to put pressure on him to settle a collateral dispute, or for any other purpose reflecting on the good faith of the particular investigation." *United States v. Powell*, 379 U.S. 48, 58 (1964). Thus, the investigational hearing imposes an undue burden on Mr. Bannon, and the Court should, at a minimum, postpone his appearance until after the criminal case concludes.

***Third***, enforcement of an administrative subpoena is improper where, as here, the subpoena seeks duplicative information that is already in the possession of the Commission. *Powell*, 379 U.S. at 57-58 (1964) (In order to make out a *prima facie* case for enforcement of an administrative subpoena, the petitioning agency must demonstrate "that the information sought is not already within [its] possession."); *F.T.C. v. Boehringer Ingelheim Pharm., Inc.*, 898 F. Supp. 2d 171, 175 (D.D.C. 2012) ("Obviously, to the extent that documents found on the backup tapes are duplicative or near-duplicative of documents already disclosed or deemed privileged, production is unnecessary and unwarranted."); *F.T.C. v. Bisaro*, 2010 WL 4910268, at *6 (D.D.C. Aug. 17, 2010) (FTC required to show that information sought by subpoena was "relevant and not

unreasonably duplicative."); *Swann v. Sec., U.S. Dept. of Hous. and Urb. Dev.*, 2006 WL 148738, at *2 (D.D.C. Jan. 19, 2006) (requiring that "the subpoena [be] not duplicative of records provided" and "not overly broad").

Mr. Bannon has provided extensive document productions as well as sworn interrogatory testimony. Any additional testimony would be unreasonably duplicative and unduly burdensome, especially given the risks to his Fifth Amendment rights. Mr. Bannon's sworn interrogatory responses and the documents he produced to the Commission make abundantly clear that he had no involvement with the GSRApp, the collection or analysis of data collected through the GSRApp, or the decisions on how to use the data collected through the GSRApp and that he has no personal knowledge of any Facebook data collected or used by Cambridge Analytica. The Commission's contention that it needs direct testimony "to probe Bannon's knowledge of questions" including "What happened to consumers' improperly harvested Facebook data? And with whom has it been shared?" is without merit. ECF No. 1-1 at 11. As Mr. Bannon already stated under the penalty of perjury, he has no knowledge of whether Cambridge Analytica destroyed all or part of any Facebook data or whether all or part of any Facebook data still exists, its location if it exists, or any products that use this data if it exists. No amount of probing will imbue Mr. Bannon with knowledge that he does not have. Accordingly, the Commission's demand that Mr. Bannon testify at an investigational hearing is unreasonably duplicative and unduly burdensome and should be denied.

## **CONCLUSION**

For the foregoing reasons, Mr. Bannon respectfully requests that the Court deny the Commission's petition requesting that he be ordered to appear for an investigational hearing within

6

ten days of the Court's order, or in the alternative, to impose a reasonable condition allowing Mr. Bannon to appear following his criminal trial.

Dated: December 9, 2020                                  Respectfully Submitted,
       Washington, D.C.

                                                         */s/ William A. Burck*
                                                         William A. Burck (D.C. Bar # 979677)
                                                         Quinn Emanuel Urquhart & Sullivan, LLP
                                                         1300 I St. NW, Suite 900
                                                         Washington, D.C.  20005
                                                         Telephone:  (202) 538-8120
                                                         Fax:  (202) 538-8100
                                                         williamburck@quinnemanuel.com

                                                         *Counsel for Stephen K. Bannon*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 9, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will notify counsel for the Petitioner of the filing.

*/s/ William A. Burck*
William A. Burck
