UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

**FEDERAL TRADE COMMISSION**
   600 Pennsylvania Avenue, N.W.
   Washington, D.C. 20580,

               Petitioner,

*v.*

**STEPHEN K. BANNON**
   210 A Street, N.E.
   Washington, D.C. 20002,

               Respondent.

Case No. 20-mc-00111-CRC

---

**FEDERAL TRADE COMMISSION'S REPLY MEMORANDUM IN SUPPORT OF PETITION FOR AN ORDER ENFORCING CIVIL INVESTIGATIVE DEMAND**

The Opposition filed by Respondent Stephen K. Bannon supplies no reason this Court should decline to enforce the Commission's Civil Investigative Demand ("CID") for an investigational hearing. Perhaps realizing that he cannot refuse to attend the investigational hearing simply because he intends to invoke his Fifth Amendment rights, Bannon resorts to groundless accusations of improper motive. But it's all just bluster. Contrary to Bannon's contention, there is no "abuse of power" or undue burden in demanding his appearance at a hearing—remotely, if he prefers—to assert the Fifth Amendment privilege on a question-by-question basis, as well-established law requires. Bannon's argument that the Commission has failed to show prejudice is doubly wrong: that is not a condition for enforcement of a lawfully-issued CID, and, in fact, further delay will impair the Commission's and the public interest. Bannon's further argument that the testimony sought is "unreasonably duplicative" is likewise

meritless—and waived because he failed to file a petition to quash with the Commission. The Court should enforce the CID.

## ARGUMENT

### A. Bannon's Newly-Minted Argument that the CID is "Unreasonably Duplicative" is Meritless.

Although Bannon never made this argument to the Commission in an administrative petition to quash[1] or in nine months of discussions with Commission staff over a suitable date for the investigative hearing, Bannon now claims that enforcement of the CID is "improper" because it seeks "duplicative information that is already in the possession of the Commission." ECF No. 12 at 5. By failing to raise this objection in a petition to quash before the Commission, Bannon has waived it. *See FTC v. Invention Submission Corp.*, No. MISC. 89-272 (RCL), 1991 WL 47104, at *2 n.12 (D.D.C. Feb. 14, 1991) ("the court has no authority to rule on . . . arguments" that respondent did not raise before the Commission); *FTC v. Complete Merch. Sols., LLC*, No. 2:19-CV-00996 (HCN), 2020 WL 2059847, at *8-*10 (D. Utah Apr. 28, 2020) (ordering respondent to comply with the CID fully where it failed to exhaust administrative remedies).

Bannon's objection is meritless, in any event. As set forth in the Commission's opening memorandum, Commission staff properly seeks to explore questions about Bannon's role and involvement with Cambridge Analytica at the investigational hearing. ECF No. 1-1 at 10; ECF No. 1-2 (Kopp Decl.) at ¶¶ 3, 9, 26. Bannon's self-serving contention that he has no further information to share does not justify setting aside the CID. As authority cited by the Opposition recognizes, district courts "must defer to the [Commission's] judgment as to whether further testimony from Respondent will aid its investigation." *FTC v. Bisaro*, 757 F. Supp. 2d 1, 9

---

[1] Congress and the Commission have provided recipients with an administrative remedy to quash or narrow the CID. *See* 15 U.S.C. § 57b-1(f); 16 C.F.R. § 2.10.

(D.D.C. 2010) ("*Bisaro II*"); *see also FTC v. Bisaro*, No. MISC. 10-289 (CKK), 2010 WL 4910268, at *6 (D.D.C. Aug. 17, 2010) (district court "must accept the Commission's own appraisal of relevancy so long as it is not 'obviously wrong'" (citation omitted)).[2]

Even if Bannon's prior interrogatory responses and documents overlap with potential investigational hearing topics, "there is no general prohibition" to seeking oral testimony on "topics that concern information 'already received . . . via other discovery devices.'" *U.S. ex rel. Landis v. Tailwind Sports Corp.*, No. 1:10-CV-00976 (CRC), 2015 WL 13711120, at *2 (D.D.C. July 2, 2015) (citation omitted). Courts consistently reject the proposition that producing written responses or documents relieves a party of its obligation to sit for a deposition. *See, e.g.*, *Tri-State Hosp. Supply Corp. v. United States*, 226 F.R.D. 118, 126 (D.D.C. 2005) ("There are, of course, only a finite number of pertinent events in any lawsuit, and how they occurred is a topic that may be pursued by all forms of discovery, even though the information provided by one form of discovery repeats and duplicates information yielded by another."); *see also Kress v. Pricewaterhouse Coopers, LLP*, No. 2:08-CV-0965 (LKK), 2013 WL 2421704, at *5 (E.D. Cal. June 3, 2013) (noting "there are strong reasons why a party strategically selects to proceed by oral deposition rather than alternate means, including the spontaneity of witness responses") (citation omitted); *Marker v. Union Fidelity Life Ins. Co.*, 125 F.R.D. 121, 126 (M.D.N.C. 1989)

---

[2] Bannon's reliance on *Powell* and *Boehringer* are misplaced. The "possession" requirement articulated in *Powell* has limited applicability to enforcement proceedings involving Commission compulsory process, as Bannon's own authority recognizes. *See Bisaro II*, 757 F. Supp. 2d at 7 (finding it "doubtful" that *Powell* put the "burden of proof on any agency other than the IRS" to establish that the information sought is not already within its possession due to the explicit requirements of Section 7605(b) of the Internal Revenue Code). *Boehringer* stands for the unremarkable proposition that a party ordered to comply with agency process need not produce documents it has already produced earlier in an investigation. *FTC v. Boehringer Ingelheim Pharm., Inc.*, 898 F. Supp. 2d 171, 175 (D.D.C. 2012).

("Because of its nature, the deposition process provides a means to obtain more complete information [than a written response to an interrogatory] and is, therefore, favored.").

Moreover, testimony from Bannon is needed to test the foundation, veracity, and accuracy of his interrogatory responses and to clarify information contained in documents he produced to the Commission. A party has the "right to verify and explore the information" in discovery responses and documents through testimony. *Campbell v. Facebook Inc.*, 310 F.R.D. 439, 449 (N.D. Cal. 2015)); *see also U.S. ex rel Fago v. M & T Mort. Corp.*, 235 F.R.D. 11, 24 (D.D.C. 2006) ("the availability of an informative document" is not the equivalent of testimony on that same subject).

**B.     Enforcement of the CID Would Not Undermine Bannon's Right to a Fair Trial in His Criminal Case.**

There is likewise no merit to Bannon's argument that it would be "unduly burdensome" for him to attend an investigational hearing before his criminal trial because his Fifth Amendment right against self-incrimination may be implicated by questions at the hearing. ECF No. 12 at 3-4. Even crediting Bannon's assumption that his Fifth Amendment rights may be implicated here, Bannon will suffer no undue burden if he has to appear at an investigational hearing and assert his Fifth Amendment rights. The Commission has not sought to prevent Bannon from invoking his Fifth Amendment rights at the investigational hearing. Rather, the Commission insists only that Bannon invoke his Fifth Amendment rights in response to specific questions; he cannot simply assert the privilege on a blanket basis to avoid sitting for the investigational hearing in the first instance. ECF No. 1-1 at 12-14. Because Bannon is free to invoke his Fifth Amendment rights (where appropriate) at the investigational hearing, there is no risk to his right to a fair trial in the criminal action.

### C. Bannon's Refusal to Provide Testimony Prejudices the Commission's Efforts to Enforce the FTC Act and Protect the Public.

Nor should the Court credit Bannon's argument that the Commission would not be prejudiced by further delaying the investigational hearing until after his criminal trial (a delay of nearly six additional months). The Commission need not demonstrate prejudice to obtain enforcement of a lawfully-issued CID. And this contention is wrong, in any event.

Here, Bannon's refusal to appear for the September 2020 investigational hearing has prejudiced the Commission in two separate ways. *First*, Bannon's refusal to sit for the investigational hearing has prevented the Commission from completing its investigation. *See* ECF No. 1-2 (Kopp Decl.) at ¶¶ 26-28. As set forth in the Commission's opening memorandum, courts have routinely denied requests for a stay pending resolution of related criminal actions given the Commission's strong interest in timely enforcing its own laws. ECF No. 1-1 at 14-15. *Second*, the Commission's interest in protecting the public has been harmed by non-compliance. *Id.* at 15. Bannon attempts to diminish the significance of this harm by claiming that the Commission "expressed no concern about the supposed prejudice caused by the delay" during the past twelve months. ECF No. at 3. But this ignores that from January 2020 to September 2020, Bannon had no objection to sitting for an investigational hearing. And it ignores that Commission staff postponed Bannon's appearance date due to his counsel's scheduling issues and concerns related to the ongoing COVID-19 pandemic. ECF No. 1-2 (Kopp Decl.) at ¶¶ 17-18. Bannon's refusal to sit for the investigational hearing in September 2020 and his current request for another six-month delay merely magnifies, not undermines, the prejudice to the Commission and consumers.

Lacking any valid ground for resisting enforcement of the CID, Bannon accuses the Commission of being improperly motivated by a "fascination" with the 2016 Presidential

election and Bannon's supposed "celebrity."  ECF No. 12 at 1-2.[3]  This baseless charge supplies no basis to refuse enforcement of the CID.  This Circuit has made clear that "the validity of Commission subpoenas is to be measured against the purposes stated in the resolution, and not by reference to extraneous evidence."  *FTC v. Invention Submission Corp.*, 965 F.2d 1086, 1091 (D.C. Cir. 1992) (quoting *FTC. v. Carter*, 636 F.2d 781, 789 (D.C. Cir. 1980)).[4]  The Commission showed in its opening memorandum the CID was issued pursuant to the Commission's lawful authority and seeks information relevant to the investigation.  ECF No. 1-1 at 8-11.  Nothing in Bannon's Opposition undermines this showing.

---

[3] This argument ignores that the heart of the challenged conduct took place two years *before* the 2016 election and the Commission has held non-"celebrity" individuals responsible for their involvement in Cambridge Analytica's misdeeds.  *See* ECF No. 1-2 (Kopp Decl.) at ¶¶ 6-8.

[4] Indeed, "agencies are entitled to a presumption of administrative regularity and good faith, and [w]ith no indication that the Commission will act cavalierly or in bad faith, [the Commission's] assertions with respect to the treatment of subpoenaed material should be accepted at face value."  *Invention Submission*, 965 F.2d. at 1091 (quoting *FTC v. Owens–Corning Fiberglas Corp.,* 626 F.2d 966, 975 (D.C. Cir. 1980) (internal quotation marks omitted)).

**CONCLUSION**

For the foregoing reasons, this Court should direct Bannon to comply in full with the CID by appearing—either in-person or remotely via videoconference—for an investigational hearing.

Dated: December 18, 2020

Respectfully submitted,

ALDEN F. ABBOTT
General Counsel

JAMES REILLY DOLAN
Principal Deputy General Counsel

MICHELE ARINGTON
Assistant General Counsel for Trial Court Litigation

  */s/ Brian Berggren*
LINDA HOLLERAN KOPP (472355)
BRIAN BERGGREN *(Appearing pursuant to LCvR 83.2(e))*

FEDERAL TRADE COMMISSION
600 Pennsylvania Ave., N.W.,
Mail Stop CC-8232
Washington, D.C. 20580
Tel: 202-326-2267 (Kopp);
202-326-3232 (Berggren)

*Attorneys for Petitioner*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 18th day of December, 2020, I filed the foregoing with the Clerk of the Court via the CM/ECF system, which will automatically send an electronic mail notification of such filing to the CM/ECF registered participants as identified on the Notice of Electronic Filing.

                                             */s/ Brian Berggren*
                                        Attorney for Petitioner Federal Trade Commission